No. 958.—FONT, recurrente, v. REGISTRADOR, recurrido.— Julio 26, 1935.

(Por la Corte, a propuesta del Juez Asociado Sr. Wolf.)

POR CUANTO, tenemos ante nos una nota denegatoria que dice así:

"Denegada la inscripción del documento que precede, con vista de otros complementarios, y tomada en su lugar anotación preventiva por el término de 120 días, a favor del comprador don Juan Higinio Font, de su derecho de compra de las dos fincas que en el mismo se describen, a los folios 129 vuelto y 64 de los Tomos 81 y 51 de Cayey, fincas números 2691, duplicado, y 966, anotaciones 'A', por el motivo de que el título trasmitido en este caso se halla en poder del trasmitente, en su carácter oficial, a virtud de un fideicomiso legal expreso, instituído por la sección 70 de la Ley de Quiebras Federal, vigente en la actualidad, sin que el trasmitente, 'trustee' o fiduciario, haya inscrito previamente su título sobre los bienes, de acuerdo con el Artículo 20 de la ley hipotecaria en armonía con el artículo 871 del Código Civil (ed. 1930). Las fincas se hallan afectas a la hipoteca principal y subsidiaria que se mencionan en este documento. En las anotaciones preventivas de referencia se consignó, además, el defecto subsanable de que el informe del 'trustee' lleva fecha 4 de septiembre de 1933, y no obstante aparece del mismo que la venta se efectuó el 27 de dicho mes y año."

POR CUANTO, tenemos ante nos una escritura de venta hecha por el "trustee" en la quiebra de Ramón Bernard, confirmada por la Corte de Distrito de los Estados Unidos para Puerto Rico;

POR CUANTO, tenemos ante nos un certificado del "Referee" de quiebras, Sr. González, del cual aparece que dicho "trustee" había sido debidamente nombrado por el concurso de acreedores;

POR CUANTO, bajo la ley federal de quiebras el título del quebrado es trasmitido al "trustee" by operation of law y el "trustee" después de haber tomado posesión de su cargo como tal llega a ser a su elección substituído en la persona del quebrado;

POR CUANTO, aunque el "trustee" no ha seguido las disposiciones de la ley expresadas en la ley federal de quiebras como sigue:

"The trustee shall, within thirty days after the adjudication, file a certified copy of the decree of adjudication in the office where conveyances of real estate are recorded in every county where the bankrupt owns real estate not exempt from execution, and pay the fee for such filing. . . ." (sección 47, inciso c);

sin embargo, para los fines del recurrente, tal "trustee" ha hecho una cosa equivalente al vender una propiedad debidamente identificada;

Por cuanto, suponiendo que el "trustee" tuvo facultad para hacer la venta antes citada, el quebrado, el "trustee" y cualquier persona que reclamare título de uno u otro de ellos, estarían impedidos de impugnar la suficiencia del título reclamado por el recurrente.

Por tanto, se revoca la nota del Registrador y se ordena la inscripción.